## Lopes Estate

*Ellis Brodstein*, for petitioner.
*Clarence C. Mendelsohn*, for respondent.

MARX, P. J., October 24, 1953.—This matter arises on a case stated between the Commonwealth of Pennsylvania, Department of Public Assistance, claimant,

and Berks County Trust Company, guardian of the estate of Robert F. Lopes, a minor.

Robert F. Lopes, born December 18, 1946, is the son of Vivian M. Lopes, and the grandson of Hattie Jones.

The minor was injured in an automobile accident, on August 11, 1950. Suit was brought in the Court of Common Pleas of Berks County, to January term, 1952, no. 72, by the minor, Robert F. Lopes, by Ernest Jones, guardian, against the executors of the will of Charles D. Boyer, deceased. The suit was settled on March 13, 1952, and the sum of $1,200 was awarded and paid to Berks County Trust Company, guardian of the estate of the minor.

The accident happened on August 11, 1950, and the award was actually paid to the guardian on or about March 13, 1952.

Between October 4, 1951, and March 6, 1952, the Commonwealth, through its Department of Public Assistance, paid to the support and maintenance of the minor the sum of $136.82. There has been no repayment of any part thereof. The Commonwealth seeks to recover the sum of $136.82, in repayment of the assistance granted. Payment was refused by the guardian of the estate of the minor.

The claim is made under the provisions of section 2 of the Amending Act of September 26, 1951, P. L. 1455, 62 PS §1974.

The Act of June 24, 1937, P. L. 2045, relating to the support of indigent persons publicly cared for or assisted, provided:

"The real and personal property of any indigent person shall be liable for the expenses of his support, maintenance, assistance and burial, incurred by any public body or public agency, whether owned at the time such expenses were incurred or acquired thereafter . . ."

The Amending Act of June 9, 1939, P. L. 310, carried the limitation:

"If such property was owned during the time such expenses were incurred, or *if the right to ownership of such property existed or was acquired during the time such expenses were incurred*".

The Amending Act of September 26, 1951, P. L. 1455, 62 PS §1974, provides:

"The real and personal property of any person shall be liable for the expenses of his support, maintenance, assistance and burial . . . incurred by any public body or public agency, if such property was owned during the time such expenses were incurred, or *if a right or cause of action existed during the time such expenses were incurred from which the ownership of such property resulted. . . .*". (Italics supplied.)

The question involved, as stated by counsel for the Commonwealth, is:

"Where a minor is indebted to the Commonwealth of Pennsylvania for public assistance grants paid by the Commonwealth during the period from October 4, 1951, to March 6, 1952, and the said minor is the owner of property during the time such assistance grants were paid, or if a right or cause of action existed during the time such assistance grants were paid from which the ownership of property resulted, is the Department of Public Assistance reimburseable out of the said belonging to the minor?"

In Riever's Estate, 343 Pa. 137, 138, we read:

"Where the State, under legislative authority, has provided maintenance for an indigent person, and it subsequently appears that the beneficiary has an estate or property of his own, the Commonwealth is entitled to recover from him the moneys expended on his behalf. . . . Its right to repayment is not dependent upon statutory permission, but rests upon the common-law doctrine that 'there is an implied duty on

the part of a recipient of public assistance, or his estate, to make reimbursement'. . . . Originally recovery could have been had even out of property acquired by the beneficiary subsequent to his receiving assistance . . . , but by the Act of June 9, 1939, P. L. 310, amending section 4(a) of the Act of June 24, 1937, P. L. 2045, it is limited to property owned by him during the time the assistance was rendered or his right to ownership of which existed or was acquired during such time".

Then followed the Amending Act of September 26, 1951, P. L. 1455, 62 PS §1974, probably inspired by the failure of a right of action to qualify as property of the indigent person, and the frequency of suits for damages resulting from physical injury, properly designated as "property" only after the entry of judgment or an award. To cover that shortcoming in the law that Amending Act provided that recovery might be attained out of a right or cause of action, which existed during the time such expenses were incurred, from which the ownership of such property resulted.

In this case the minor was injured in 1950. Suit was brought to January term, 1952. The suit was terminated on March 13, 1952, when the sum of $1,200 was awarded to Berks County Trust Company, guardian of the estate of the injured minor, in payment of damages resulting from physical injury. It would appear that the amount paid, for which recovery is sought, accrued during the period from the origin of the right to sue, to the date of settlement and payment. Under the recited statutory provisions we accordingly find that the Commonwealth, Department of Public Assistance, is entitled to recover the amount claimed, $136.82, out of the estate of the minor, in the hands of Berks County Trust Company, guardian. We accordingly so find.